## STATE v. BRIGGS.

1. The continuance or non-continuance of a cause is a matter of discretion which must of necessity rest with the Circuit Judge.

2. A demand by the prisoner for a copy of the indictment made after the trial had commenced, and more than three days after his arraignment, was properly refused.

3. Under an indictment for murder, the panel having been exhausted without obtaining a single juror, the trial was adjourned over until

the next week. *Held*, that the prisoners were not entitled to a discharge upon the ground of former jeopardy. *State* v. *Shirer*, 20 *S. C.*, 393, approved and followed.

4. The panel being exhausted by the challenges of the four prisoners on trial, the deficiency should have been supplied by issuing a venire for additional jurors as prescribed by law. *Gen. Stat.*, § 2255. It was irregular to postpone the trial to another week before another original jury; for a trial once entered upon should not be adjourned over except where extraordinary circumstances so require.

5. The right of challenge is regarded as sacred; and where a prisoner was allowed only twelve challenges, because he had exhausted eight of another jury the week before, the court committed error of law, and the prisoner is entitled to a new jury.

Before ALDRICH, J., Edgefield, August, 1886.

This was a prosecution of Josh Briggs and Elijah Briggs for murder. The opinion fully states the case.

*Mr. Arthur S. Tompkins*, for appellants.

*Mr. Nelson*, solicitor, contra.

June 29, 1887. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The defendants and Joseph White and Hansom Briggs, were arraigned at Edgefield, on Monday, August 2, that being the first day of the term, for the murder of James S. Blackwell. No demand was then made for a copy of the indictment "three days before trial," but upon agreement of counsel and with the consent of the court, Friday (August 6) was set for the trial. When that day arrived the counsel for the defendants moved for a continuance, on the ground of the absence of witnesses, &c., which the judge refused and ordered the trial to proceed. The State challenged one juror peremptorily, and each of the four defendants challenged eight, making thirty-two. This exhausted the panel without a single juror being sworn for the trial of the case. Under these circumstances the presiding judge did not order a new venire "to supply the deficiency," but in his discretion directed the trial of the case to be suspended until the Thursday following. The defendants made no objection, but were silent.

For that second week of the term a separate and distinct jury

had been drawn and summoned, in accordance with the law regulating jury trials for Edgefield County. See section 2255, General Statutes; also section 2637. When the day (August 12) arrived there was a new jury, and the case was called for further progress in the preparation for trial. The solicitor, representing the State, entered a *nolle prosequi* as to two of the defendants, viz., Joseph White and Hansom Briggs. Thereupon objection was made that the solicitor could not *nol pros.* as to two and not as to all the defendants, and also, that the defendants having been regularly arraigned and put upon their trial the week before, all pleaded "former jeopardy," and were entitled to be discharged. These impediments being overruled, the counsel for the defendants demanded a copy of the indictment and "three days' delay," and that being refused, he moved for a new venire, to continue and complete the preparations for a trial which had been commenced the week before; but the defendants were put upon their trial before the new jury summoned regularly for the second week of the term. The court held that each defendant, having challenged eight jurors the week before, was only entitled to challenge twelve more to make the twenty allowed.

Thus the jury was organized which found the defendants "guilty;" and the appeal comes to this court upon the following exceptions:

"I. Because the court erred in refusing to continue the case upon the showing made by the defendants' attorney, it being the first term Josh Briggs has appeared for trial.

"II. Because the court erred in refusing to allow the defendants a copy of the indictment 'three days before the trial.'

"III. Because the court erred in not proceeding forthwith to order empanelled a new set of jurors to supply the deficiency made by exhausting the panel of challenges and other objections; and in allowing the case to begin and then to stop until the next week, trying in the *interim* various other cases, and proceeding to take up the case again the second week before the regular jury empanelled for that week, and at the same time holding the said defendants to their eight challenges each, made to the previous jury the week before, thereby allowing them but twelve challenges to the jury of the second week.

"IV. Because the court committed error in not sustaining defendants' motion to draw a new set of jurors.

"V. Because the trial of the defendants the second week before the second jury was putting them 'in jeopardy' twice for the same offence, and the court erred in not sustaining the motion in arrest of judgment on that ground; and also on the ground of grave irregularities in drawing the jury and breaches of criminal practice in their method of trial.

"VI. Because of error in allowing a *nolle prosequi* to be entered as to two of the defendants, Joseph White and Hansom Briggs, at the stage·of the trial at which it was done, without entering the same as to the other two.

"VII. Because the verdict was contrary to the law.

"VIII. Because the court refused to charge the following requests to charge hereto attached and marked 'exhibit A.' &c."

The first exception was very properly abandoned. The continuance or non-continuance of a cause is a matter of discretion which must of necessity rest with the Circuit Judge.

We are clear that there was no good ground to arrest the judgment and discharge the defendants. There was no error in the refusal of the demand at the time it was made, for a copy of the indictment "three days before trial." No such demand was made at the time of the arraignment on Monday (August 2), when Friday (August 6) was by consent appointed for the trial, nor on that day before the actual commencement of the trial. No injustice was done, as the time between the arraignment and trial was more than that allowed by law. "A demand for a copy of the indictment, &c., should be made at the latest when the prisoner is arraigned in open court." See *State* v. *Briggs*, 1 *Brev.*, 8; *State* v. *Winningham & Miller*, 10 *Rich.*, 268.

The fifth exception complains "that the trial of the defendants in the second week before the jury summoned for that week was putting them twice in jeopardy for the same offence, and the court erred in not sustaining the motion in arrest of judgment on that ground, and also on the ground of grave irregularities in drawing the jury, and breaches of criminal practice in their method of trial." The preparation for trial in the first week, when the whole panel was exhausted by challenges without

obtaining a single juror, cannot possibly in any sense be regarded as putting the defendants in "jeopardy." But without stopping now to go into the nice learning in the books upon the subject of the commencement of "jeopardy," it is enough to say that this court lately had occasion to consider the whole subject in the case of *The State* v. *Shirer* (20 *S. C.*, 393), in which it was held: "I. That the provision in the United States constitution, that 'no person shall be subject for the same offence to be twice put in jeopardy of life or limb,' applies only to offences and trials under the laws of the general government. 2. In a trial for larceny there was a mistrial. At the next term the former indictment was marked *nolle prosequi*, and a new bill found. Held, that defendant was not entitled to his discharge under a plea of *autrefois acquit*. And 3. Under the express terms of the constitution of this State, that 'no person, after having been once acquitted by a jury, shall again for the same offence be put in jeopardy for his life or liberty,' which provision was intended to be exclusive and exhaustive, a party cannot plead a former jeopardy in bar of the prosecution, unless he has been acquitted by a jury." No jury was charged or even empanelled in this case, except the one which in the second week tried and convicted the defendants; and therefore it could not be that, in any proper sense, there was a former jeopardy.

But we think there must be a new trial for lack of conformity to the law and criminal practice in the court below. The third exception complains, "that the court erred in not proceeding forthwith to order empanelled a new set of jurors, to supply the deficiency made by exhausting the panel by challenges and other objections; and in allowing the case to begin and then to stop till the next week—trying in the *interim* various other cases—and proceeding to take up the case again the second week before the regular jury empanelled for that week, and at the same time holding the said defendants to their eight challenges each made to the previous jury the week before, thereby allowing them but twelve challenges to the jury of the second week." In the language of Mr. Bishop, "The law casts its protection over all persons alike. Hence before any person can be made to suffer for a crime, he must be caught and held in the exact meshes which

the law has provided; or, in other words, he must be proceeded against step by step, according to the rules of practice, which the law has ordained. It is no avail to proceed against him according to other and better rules. The law's rules must be pursued, or the law's penalty cannot be imposed upon him for his crime. * * * Human laws are meant to secure the outward order of society, and a part of this order, not less essential than any other part, consists in pursuing the exact methods which the law has laid down in bringing criminals to justice." As we understand it, where a party is put to his trial upon a criminal charge, the case must proceed in the manner prescribed by law, until a mistrial or verdict is reached. We know of no authority for suspending it for a time or even to stop short of a verdict, except in extraordinary circumstances, such as the illness of one of the jury, the prisoner, or the court, the absence of a juryman, or the impossibility of agreeing on a verdict. See *State* v. *McKee*, 1 *Bail.*, 654, 21 *A. D.*, 499; *State* v. *Shirer, supra;* 1 *Bish. Cr. Proc.*, § 89.

Section 2255 of the General Statutes provides that: "Whenever it shall be necessary to supply any deficiency in the number of grand or petit jurors duly drawn, whether caused by challenge or otherwise, it shall be the duty of the jury commissioner to attend in open court, together with the clerk of the Court of Common Pleas and General Sessions, and the sheriff of the county, and, under the direction of the court, to draw from the special apartment in the jury box known as the tales box, such number of fit and competent persons to serve as jurors as the court may deem necessary to fill such deficiency. * * Provided, that if the special or tales box shall at any time be exhausted, the judge of the Circuit Court shall order the board of jury commissioners, or a majority thereof, to attend in court, and in the presence and under the direction of the court, to draw from the other apartments of the jury box such number of jurors as the court may deem necessary." This is a plain, positive direction as to how to proceed in a criminal case, "whenever it shall be necessary to supply any deficiency" as to jurors. After the trial was entered upon in the first week of the term, and the jury was exhausted, we think it was irregular to adjourn it over to the

second, and then to present the jurors regularly drawn for that week, instead of those who would have been presented if the above provision of the law had been followed.

This may seem technical. It may not be obvious that by this course any injustice was done to the defendants. Theoretically the jurors summoned under one venire may be as good as those called under another; but in criminal proceedings, and especially those involving life, it is proper that there should be great care and particularity. The law is tender of the life and liberty of the citizen. The "adjournment" of a trial after it has been opened, is distinguishable from an ordinary continuance. The old idea was that a criminal cause should be finished at one sitting, but men must be refreshed by food, rest, and sleep. The objection, when in strict law it prevails, is that thereby the defendant is deprived of his right to be acquitted or convicted. See *Bish. Cr. Proc.*, § 966*d*.

But if, the jury of the first being exhausted, the parties could be properly put upon their trial before the jury of the second week, it seems to us that such trial was *de novo*, and it was contrary to the principles and practice of criminal proceedings to consider the two juries as substantially the same, and to hold that the defendants respectively were bound by the eight challenges made in exhausting the panel of the first week, and to allow him only twelve instead of twenty peremptory challenges to the jury having them in charge. The right of challenge as allowed is regarded sacred. "The defendant may require the panel to be full, and to be entirely called over once in his hearing, before entering on his peremptory challenges. Though, if he will, he can waive these rights." 1 *Bish.*, § 944.

From the view the court takes, the case will have to go back for another trial, and it is thought best that the defendants should neither be prejudiced nor benefited by any view which the court may take of the facts. We will therefore not consider the various alleged errors, both of commission and omission, in the charge of the presiding judge.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the prisoners remanded for trial at

the next term of the Court of General Sessions for the County of Edgefield.