## STATE v. COLCLOUGH.

1. It is not legal error for the Circuit Judge to order a case to trial when
   no request for delay or motion for continuance is made, but only a
   statement by defendant that he is not ready.

2. Under indictment for arson, the case was called on Monday, and the
   prisoner arraigned.   Her counsel demanded a copy of the indictment,
   which was furnished the same day, and said they thought she would
   be ready for trial on Wednesday.   On Wednesday the case was again
   called, when defendant's counsel said they were not ready, but declined
   to make any request or motion for delay.   After the trial was ordered
   to proceed, defendant demanded a copy of the jury list, which was
   handed to her counsel on a printed slip, and received without objection.
   *Held*, that defendant had waived any right she may have had to a copy
   of the indictment *three* days before the trial, and to a *certified* copy of
   the jury panel.

3. In whatever portion of the county a crime is committed, it is the cor-
   rect and better practice to allege in the indictment that it was com-
   mitted at the county seat.

4. Under an indictment charging the burning of two barns, it was not
   error in the judge to refuse to charge that it was necessary for the
   prosecution to prove that two barns were burned, especially as the
   testimony showed that there were two barns burned.

Before NORTON, J., Clarendon, February, 1889.

This was a prosecution against Eliza Colclough for arson. The opinion states the case.

*Messrs. Galluchat & Alsbrook*, for appellant.

*Mr. Wilson*, solicitor, contra.

June 25, 1889.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   This case is before us upon an agreed *case* hereto annexed.

## "*Case agreed upon.*

"This case was tried before his honor, Judge J. J. Norton, and a jury at the February, 1889, term of the General Sessions Court for Clarendon County.   The case was called on Monday, the prisoner arraigned and asked if she was ready for trial.   She replied, 'I am ready.'   Her counsel immediately corrected her, demanded a copy of the indictment, and claimed all that the law gave the defendant; but when asked by the court if the defendant could go to trial on the Wednesday following, her counsel answered that 'they thought they would be ready,' and were furnished with copy of the indictment upon their demand for same. The case was continued until Wednesday.   Copy of indictment furnished Monday afternoon.   The case was again called for trial 10 o'clock a. m., Wednesday following.   Upon being asked if they were ready for trial, counsel for defendant had the crier to call four of defendant's witnesses, none of whom responded, and announced themselves '*not ready.*'   Shortly afterwards counsel for defendant stated, upon the recall of the case, that they would not interpose, as an objection to the trial proceeding, the absence of witnesses, but that they were not prepared.   The court asked what the solicitor had to say.   The solicitor insisted upon going on with the trial.   The judge then asked the counsel for defendant if they had any motion or request to make, and their answer was, 'We are not ready for trial.'   The judge repeated the question, and the same answer was given, and counsel for defendant made no motion whatever, and did not claim the three days at that time.   The judge then ordered the trial to proceed.   When

the jury were being called, counsel for defendant demanded a
copy of the jury panel. No certified copy was furnished, but a
newspaper containing a list of the jury was furnished them, they
making no objection to same, and making no motion or request.

"The solicitor then proved the State's case, and announced that
the State closes. When the State closed, the defence moved for
a continuance on the ground that the three days allowed the pri-
soner by law to prepare her case had not expired, and no time
had been waived. Motion overruled. No testimony was offered
by the defence. The proof was, that two barns, one having fod-
der in it from which some of the fodder had been removed, and
the other having the corn and produce of the owner thereof in it,
belonging to the party named in the indictment and proven as
owner thereof, were burned; said proof showing the defendant
to be the incendiary, on the night of January 16, 1889, in Clar-
endon County, seven miles from Manning, the county seat of said
county. The indictment charged the burning of *'two certain
barns at Manning, in the County of Clarendon and State afore-
said.'* His honor was requested to charge that 'the State must
prove two barns were burned, and they at Manning.' Request
refused, and the jury charged that it was not necessary for the
State to prove that the barns were burned at or in the town of
Manning, but that Manning being proven to be the county seat
of the County of Clarendon, that the place was properly laid in
the indictment, and that if the burning took place anywhere in
said county, it was sufficient; nor was proof of two barns being
burned required, but proof of the burning of one only was suffi-
cient. The jury returned a verdict of guilty, and recommended
to mercy. Counsel for defendant moved in arrest on the ground
that the variance between the crime as laid and the proof was
fatal to the indictment. Motion overruled. The prisoner was
then sentenced to ten years at hard labor in the State peniten-
tiary. Counsel for defendant moved for a new trial on the ground
that copies of the indictment and jury panel were not served three
days previous, and on the further ground that three days had not
expired since the term of court commenced. Motion refused.
Notice of appeal from sentence then given."

"Defendant's Exceptions.—It is respectfully submitted: I.

That his honor erred in ordering the trial to proceed on Wednesday, the three days for preparation, to which the defendant was entitled, having not expired. II. That his honor erred in ordering the trial to proceed without having a certified copy of the jury panel furnished the defendant. III. That his honor erred in overruling defendant's motion in arrest, the variance between the crime as described in the indictment and the proofs being fatal. IV. That his honor erred in refusing to charge the jury as requested, to wit, 'The State must prove two barns were burned, and they at Manning.' and for that his honor did charge that it was not necessary for the State to prove two barns were burned, nor to prove that they were at Manning."

It will be seen that the questions involved are, first, whether his honor erred in ordering the case to trial on Wednesday of the term, the three days not having expired from the time when the defendant was furnished with a copy of the indictment, and no certified copy of the jury panel having been furnished him. Second, "whether he erred in not granting defendant's motion in arrest of judgment on account of alleged variance between the crime as described and the proof." And third, whether his honor erred in refusing to charge the request, to wit, "The State must prove two barns were burned, and they at Manning." and in charging "that it was not necessary for the State to prove two barns were burned, nor to prove that they were at Manning."

Without stopping to determine what the precise rights of a prisoner charged with felony are, in reference to being furnished with a copy of the indictment and a copy of the jury panel before the trial, it is sufficient in this case to say, that the defendant has no ground of complaint—certainly no sufficient-ground--to warrant this court to grant a new trial. It seems that a copy of the indictment was furnished on Monday, and the defendant's counsel, when, at that time, being asked if he would be ready for trial on Wednesday, answered "that they thought they would," interposing no objection as to the three days, nor intimating in any way that they would claim the three days. No demand was made at that time for a certified copy of the jury panel. When the case was called on Wednesday, the defendant's counsel simply answered "*not ready*," giving no reason, and making no motion

for a continuance, although asked several times by his honor whether they had any request or motion to make. No claim was made for the three days, nor any demand or request for a copy of the jury panel; the case was then ordered on, and during the calling of the jury, the defendant for the first time asked for a copy of the jury panel, when a newspaper containing a list was furnished, which was received without objection or protest. See *State* v. *Briggs*, 27 S. C., 80; *State* v. *Winningham & Miller*, 10 Rich., 268.

Under this state of facts, we do not see that his honor below committed any legal error, subject to reversal by this court. He made no ruling as to the right of the prisoner, either to a copy of the indictment or of the jury panel. No question was raised upon either of these matters, nor any intimation given that the prisoner desired a ruling thereon. The province of this court in a law case, either civil or criminal, extends only to the consideration of alleged errors of law. Here the error alleged, when the facts and circumstances are analyzed, amounts to nothing more than that his honor ordered the case to trial, when the defendant announced that she was not prepared, declining to give any reason, or make any request or motion, for continuance or delay. We do not see any legal error in this. But, in addition, we think that defendant waived, by her conduct, whatever right she may have had, both as to the indictment and the jury panel. 1 *Bish. Crim. Proc.*, §§ 944, 931.

The next exception complains that the motion in arrest of judgment was not granted, which was based upon an alleged variance between the proof and the crime charged. The variance alleged is not pointed out in the exception, but we suppose it to be that the crime charged was alleged to have been committed at "Manning," in Clarendon County, when the evidence showed that it was committed some miles distant from Manning, in said county. It is true, as contended, that where an allegation is made in the indictment, whether it be of a place or other fact, which is essentially descriptive of the crime, it must be proved as alleged, whether it was necessary to be alleged or not. But where the allegation of place was merely intended to show jurisdiction in the court, then this necessity does not exist. This matter was

fully discussed in the *State* v. *Moore* (24 S. C., 155), where the county in which the crime was committed was alleged, but the usual formula of the *court house* was left out, the court holding, that although it was the custom and the better practice, perhaps, to allege the court house as well as the county, yet as the allegation was a matter of jurisdiction, the allegation of the county was sufficient. In the indictment here, both the county and the place of holding the court, to wit, *Manning*, were alleged. We do not think the word Manning, as used in this indictment, could be construed as a word of description; on the contrary, it was intended as a word of jurisdiction, and was in conformity with the usual mode, and the better practice, as suggested in the *State* v. *Moore, supra.*

The last exception is met by what has just been said, in so far as his honor refused to charge that it was necessary for the State to prove that the crime was committed at Manning, and in so far as he charged that this was not necessary. As to the other portion of this exception, to wit: That his honor charged that it was not necessary to prove that two barns were burned. This is untenable. Besides, it was wholly immaterial, as it is conceded that the evidence fully sustained the indictment, charging the burning of two barns.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.