### THE STATE v. WRIGHT

### (138 S. E., 828)

1. CRIMINAL LAW—IN HOMICIDE CASE, REFUSAL TO PERMIT DEFENDANT TO REMAIN AT LARGE UNDER BAIL AFTER ARRAIGNMENT HELD NOT ERROR (CIRCUIT COURT RULE 35).—In prosecution for murder, refusal of Court to permit defendant to continue at large under bail after arraignment *held* not error, in view of Circuit Court Rule 35 otherwise providing.

2. CRIMINAL LAW—IN HOMICIDE CASE, DEFENDANT HELD TO HAVE HAD THREE DAYS' SIGHT OF INDICTMENT.—Defendant, indicted and arraigned on November 8th and put to trial on November 11th, *held* properly allowed three days' sight of the indictment; there being no showing that defendant demanded three days' sight of indictment on day that he was arraigned or on following day when motion for continuance was denied.

3. CRIMINAL LAW—UNDER STATUTE, DEFENDANT MUST TENDER USUAL FEES FOR COPY OF INDICTMENT (CODE CR. PROC. 1922, § 69).—Under Code Cr. Proc. 1922, § 69, defendant, to be entitled to copy of indictment, must tender usual fees for such copy.

4. CRIMINAL LAW—INSTRUCTION THAT CIRCUMSTANTIAL EVIDENCE WAS "JUST AS GOOD AS POSITIVE EVIDENCE," HELD NOT IMPROPER COMMENT ON WEIGHT OF EVIDENCE.—In prosecution for murder, instruction that circumstantial evidence "is just as good as positive evidence," *held* not erroneous as an expression of opinion on the weight which should be accorded circumstantial evidence as compared with positive evidence.

5. CRIMINAL LAW—COURT'S INSTRUCTION THAT IT WAS "A SERIOUS CASE" HELD NOT IMPROPER EXPRESSION OF OPINION.—In prosecution for murder, Court's instruction that it was "a serious case" *held* not improper expression of opinion to jury.

6. HOMICIDE—INSTRUCTION REQUIRING JURY TO FIND "TRUTH" OF CASE HELD NOT ERRONEOUS AS REQUIRING FINDING OF WHO KILLED DECEASED, RATHER THAN WHETHER DEFENDANT DID IT.—In prosecution for murder, instruction that jury were to find "the truth in this, that is what you are there to find, that is the only object of your inquiry," *held* not erroneous on theory that it required jury to find who killed deceased rather than whether defendant fired fatal shot.

Before FEATHERSTONE, J., Berkeley, November, 1926. Affirmed.

Jeremiah Wright was convicted of murder, and he appeals.

*Messrs. Wolfe & Dennis* and *Marion F. Winter,* for appellant, cite : *Mere presence of accused for trial not a surrender that would relieve the bail bond:* 51 Miss., 665; 2 Metc. (Ky.), 382. *Mandatory that a defendant charged with a capital offense be arraigned for three days before trial:* 129 S. C., 359; 16 C. J., 806, Sec. 2051. *Same; be given three days' sight of indictment:* Sec. 69, Code Crim. Proc. *Improper to charge jury respecting the comparative value of positive and circumstantial evidence:* 116 S. C., 286.

*Messrs. James Allan, Solicitor; A. R. McGowan* and *Thos. P. Stoney,* for respondent, cite : *Trial Court has right to order defendant, who has been at large on bail, into custody during trial:* 26 R. C. L., 1020, Sec. 18; Id., 1018, Sec. 13. *The three days allowed a prisoner to prepare defense on an indictment for felony, are inclusive of day on which motion made for copy of indictment:* 1 Brev., 8. *Demand for copy should be made when arraigned and in open Court:* 10 Rich., 257; 27 S. C., 83; 31 S. C., 160. *Entitled to copy of indictment:* Sec. 69, Code Crim. Proc.

July 6, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The appellant stood charged with the murder of one Jervey Mitchum, and was tried before Hon. C. C. Featherstone, presiding Judge, with a jury, at the November, 1926, term of the General Sessions Court for Berkeley County.

Upon a verdict of manslaughter, he was sentenced to serve from 8 to 16 years of imprisonment. From this sentence he appeals to the Supreme Court, having given

due written notice of intention to appeal as provided by law.

The Court of General Sessions for Berkeley County convened on Monday, November 8, 1926, on which day an indictment was handed out to the grand jury by the Solicitor, charging the appellant with murder as before stated, and the grand jury returned a true bill thereon during the afternoon of said day.

About 6 o'clock in the afternoon of Monday, November 8, 1926, the appellant, who had been out upon recognizance or bond, was called to the dock and placed therein, whereupon he was arraigned by the Clerk of Court, and asked if he was ready to come to trial, and his counsel answered, "No," and further stated that they then desired to make a motion for continuance beyond the term, because of the absence of a material witness, who was then confined in a hospital. The Court heard argument upon this motion, and then stated that he would not decide the motion for continuance at that time, but would take the motion papers and announce his decision the next day. Thereupon counsel for defendant asked that the defendant, appellant, go at large upon his recognizance until the day set for his trial. The Solicitor objected, and demanded that he be committed to the jail. The Court decided that his bond had ended, and that he should remain in the custody of the Sheriff, who thereupon committed him to jail.

The bond or recognizance is in usual form and for the sum of $5,000.00; he having been let to bail by the Chief Justice. The condition of his recognizance is as follows:

"* * * Then and there to answer to a bill of indictment to be preferred against (him) and to do and receive what shall be enjoined by the Court, and not depart the Court without license. * * *"

On Tuesday morning, November 9, 1926, the presiding Judge announced that he would refuse the motion for a

continuance upon the condition that the State would admit
the testimony of the absent and sick witness, and further that
he would set the case for trial for Thursday morning, No-
vember 11, 1926.

Thereupon counsel for the appellant objected, stating
that they had not had three days' sight of the indictment,
nor had the defendant been arraigned for three days, nor
would they be ready for trial as soon as the date fixed.

Again on Thursday morning, November 11, 1926, when
the case was called for trial, counsel interposed the same
objections, stating that the defendant was not ready for
trial, had not been arraigned for three days, and had not
had three days' sight of the indictment.

The presiding Judge, after stating the foregoing facts,
held that the defendant had been arraigned for three days
and had been given three days' sight of the indictment,
.ordered the case to proceed to trial.

The evidence was to a considerable extent circumstantial.
The evidence relating to the killing tended to show concert
of action between the defendant and others.

The exceptions are:

"(1) His Honor erred in committing the defendant to
jail after his arraignment, whereas he should have allowed
him to continue at large upon his bail until verdict of the
jury.

"(2) His Honor erred in not allowing the defendant
three days' sight of the indictment and three days after
arraignment was completed before entering upon his trial.

"(3) His Honor erred in charging the jury that circum-
stantial evidence 'is just as good as positive evidence,' thus
expressing an opinion upon the weight which should be
accorded circumstantial evidence as compared with positive
evidence.

"(4) His Honor erred in charging the jury the law re-
lating to conspiracy, which constituted prejudicial error, in
that no such issue was involved in the case, as the indict-

ment did not charge any element of conspiracy, nor did the indictment charge a joint homicide, but that the defendant acting alone and solely committed the alleged unlawful homicide.

"(5) His Honor erred in charging the jury that this case was 'a serious case,' thus expressing his opinion to the jury of the character of the case as made out by the testimony, and stating to the jury the impression which the testimony had made upon his mind.

"(6) His Honor erred in charging the jury that they were there on the jury to find the truth in this case, using the words, 'What is the truth in this case; that is what you are there to find; that the only object of your inquiry,' whereas, the jury were not bound or required to find the 'truth' as to the facts of the homicide; that is to say, the jury were not bound to find who killed the deceased, but were limited in their inquiry as to whether the defendant fired the fatal shot, and, if so, under what circumstances."

The first exception is overruled. Rule 35 of the Circuit Court is as follows:

*"Presence of Accused on Trial.*—No person shall be tried on an indictment unless personally present, except for misdemeanors; and, upon the trial of any person charged with an offense for which the law requires that he should be arraigned, the prisoner shall be placed in the dock.

"And after arraignment the prisoner shall remain in custody of Sheriff until discharged therefrom by due process of law; and that the condition of all recognizances in cases of felony be so drawn as to require the accused to appear and plead to such indictment as may be preferred against him."

Rules are binding in the trial of cases when not in conflict with Acts of Legislature. *Rice v. Mahaffey,* 9 S. C.. 281. We find the following in 26 R. C. L., p. 1021, "Trial," § 18:

"While statutes exist in some jurisdictions which prevent the trial Judge from ordering an accused, out on bail, into custody during the trial, and some Courts have held it an abuse of discretion to make such an order in the absence of circumstances justifying it (*State v. Hyde,* 234 Mo., 200; 136 S. W., 316; Ann. Cas., 1912-D, 191), the general rule may be said to be that the trial Court has the right, in its discretion, to order a defendant who has been at large on bail, into custody during the trial."

See Ann. Cas., 1912-D, 211.

Where a defendant has been at large on bail, the Court has, as a general rule, in the absence of constitutional or statutory provision to the contrary, the right in its discretion to order him into custody during the trial of the case, it being a power inherent in the Court to assure itself of the presence of the accused during trial. The recognizance is not a contract by which the defendant secures an unrestricted right to be at large (234 Mo., 200; 136 S. W., 316; Ann. Cas., 1912-D, 191), and a trial Court cannot have its discretionary power over the person of the accused affected by the allowance of bail by a lower Court.

The second exception is overruled, as defendant had his three days. The record shows that the defendant did not demand three days' sight of the indictment on the day that he was arraigned, and that he did not demand this until the 9th day of November, 1926, or the day after his arraignment.

In the case of *State v. Gray Briggs,* 1 Brev., 8; 3 S. C L., 8, the headnote is as follows:

"The three days allowed a prisoner to prepare for his defense, and an indictment for felony, are inclusive of the day on which the motion is made for a copy of the indictment."

In that case Mr. Justice Waties uses the following language:

"The rule with respect to time is to include the day on which the motion is made. The computation of time must commence from the time when the motion was made. The whole day must be included, because there can be no fractions of a day."

Now, had the motion been made at the time of arraignment, which was on Monday, November 8, 1926, three days would have elapsed under the ruling in the case of *State v. Gray Briggs.*

In the case of *State v. Isaac Winningham & Robert Miller,* 10 Rich., 257; 44 S. C. L., 257, the headnote says:

"Under the Act of 1731, § 43 [3 St. at Large, p. 286], a prisoner, indicted for a capital offense, is entitled if he requires it, and upon payment of the fees for copying, to a copy of the indictment three days before his trial. The demand for a copy should be made, at the latest, when he is arraigned, and in open Court."

This case was followed in the case of *State v. Briggs,* 27 S. C., 83; 2 S. E., 854, and in *State v. Colclough,* 31 S. C., 160; 9 S. E., 811.

It does not appear in the statement of the case that the defendant ever tendered the officer his usual fees for a copy of the indictment, nor was this done, and the provision of the statute is positive in this for it reads as follows (Section 69, Code of Criminal Procedure [Volume 1, Code of Laws of South Carolina 1922]) :

(69) *Persons Indicted for Capital Offenses to Have Copy of Their Indictment.*—Whoever shall be accused and indicted for any capital ·offense whatsoever shall have a true copy of the whole indictment, but not the names of the witnesses, delivered to him, three days at least before he shall be tried for the same, whereby to enable him to advise with counsel thereupon, his attorney or attorneys, agent or agents, or any of them requiring the same, and paying the officer his usual fees for the copy of every such indictment."

The third exception is overruled as being without merit. In Randall's Instructions to Juries, beginning at Section 232, on page 447, the following is declared to be the law:

"Subject to the rule against invading the province of the jury, which in some jurisdictions may render such an instruction erroneous, it is proper, where the evidence is both direct and circumstantial, to define each class of evidence and explain the difference between them, and the Court may properly instruct, when accompanied by appropriate explanations, that there is nothing in the nature of circumstantial evidence that renders it any less reliable than other classes of evidence, that there is no practical difference between circumstantial and direct evidence, that no greater degree of mental conviction is required to find a verdict on circumstantial evidence than in the case of direct evidence, and that, if circumstantial evidence is of such a character as to exclude every reasonable hypothesis other than that of the defendant's guilt, it is entitled to the same weight as direct evidence. It is accordingly proper to charge that the guilt of an accused may be established by circumstantial evidence alone."

The fourth exception is overruled, as it was a correct charge, and his Honor stated to the jury as follows:

"Now it is a question of fact for you to say because you are the sole judges of the facts in this case as to whether or not the defendant, Jeremiah Wright, fired the shot that killed Jervey Mitchum; if you are not so satisfied beyond a reasonable doubt you need go no further—stop right there and write a verdict of not guilty."

All of the exceptions are overruled as being without merit. The defendant had a fair trial, was defended by most able lawyers, and we see no error as complained of by the exceptions, and the judgment is affirmed.

MR. JUSTICE CARTER concurs.

MR. JUSTICE COTHRAN (concurring in result): I think that the arraignment was complete on Monday, November 8th, after defendant had entered his plea of "not guilty." His answer to the question, "Are you ready to come to trial?" was an independent matter, and no part of the arraignment. In 16 C. J., 386, it is said:

"* * * The arraignment consisting of three parts: (1) Calling the defendant by name and commanding him to hold up his hand that his identification may be certain; (2) reading to him the indictment; and (3) taking his plea."

Under the case of *State v. Winningham,* 10 Rich., 267, the defendant's demand for a copy of the indictment should then, "at the latest," have been made. It was not then made, and the objection under Exception 2 cannot be sustained.

The ruling in *State v. Briggs,* 1 Brev., 8, that the day of the demand must be included in the computation of the three days, is contrary to my conception of the general rule that the first day must be excluded. I reserve my opinion upon the question whether the defendant is not entitled under Section 69 of the Criminal Code of Procedure, to full three days between the day of arraignment and the day of trial.

Upon the other points decided, I concur in the opinion of the Chief Justice.

MESSRS. JUSTICES BLEASE and STABLER concur.