19737

The STATE, Respondent, v. Thomas W. SAXON, Jr., Appellant

(201 S. E. (2d) 114)

524

*Messrs. Luke N. Brown, Jr.,* of Ridgeland, and *James B. Richardson, Jr.,* of *Parker & Richardson,* Columbia, *for Appellant,* cite:

*Messrs. Randolph Murdaugh, Jr., Sol.,* and *Randolph Murdaugh, III, Asst. Sol.,* of Hampton, *for Respondent,* cite:

December 6, 1973.

LEWIS, Justice:

Appellant, charged with murder, was convicted of voluntary manslaughter and appeals. The questions argued are:

(1) Was it error to require appellant to go to trial within less than three (3) days after arraignment?

(2) Did the trial judge abuse his discretion in refusing to grant a continuance?

(3) Was it error to permit a witness to testify that statements by appellant were freely and voluntarily made?

(4) Did the trial judge err in holding that appellant's statements made following arrest were freely and voluntarily made?

(5) Was the sentence imposed influenced by prejudice or improper considerations on the part of the trial judge?

The first question is based upon Section 17-408 of the 1962 Code of Laws, which provides in part: "Whoever shall be accused and indicted for any capital offense whatsoever

shall have a true copy of the whole indictment, . . . delivered to him, three days at least before he shall be tried for such offense, whereby to enable him to advise with counsel thereupon, . . . ".

Assuming that this statute is still effective, although the death penalty is not now imposed and the present charge is not a capital offense, the right granted to the three days' sight of the indictment must be demanded by a defendant at the time of arraignment and, if no such demand is made, the right is waived. *State v. Wright,* 140 S. C. 363, 138 S. E. 828.

Appellant was arraigned on Monday, November 27, 1972. No demand for a copy of the indictment was ever made and any right which appellant may have had to claim the rights granted under the statute were thereby waived.

The second question concerns the refusal of the trial judge to grant appellant's motion for a continuance and is related to the first question, in that both involve the contention that sufficient time was not allowed in which to prepare a defense to the charge.

Appellant has, in the statement of this question, recognized the firmly established rule that a motion for a continuance is addressed to the sound discretion of the trial judge.

The offense was committed on October 26, 1972. Appellant was arrested shortly thereafter and released under bond. After his release, he entered a private institution for psychiatric treatment where he remained until about one week prior to trial. Counsel was retained about two (2) weeks before trial. Appellant was arraigned on November 27, 1972, at which time a motion for a continuance was made. The motion was denied and the case was called for trial two (2) days later, on November 29, 1972, when the motion for continuance was renewed and again refused.

When the original motion for a continuance was made on November 27, 1972, the State offered to agree to an order

committing appellant to the State Hospital for a period of thirty (30) days for a mental examination, *if* appellant intended to rely upon insanity as a defense. If the offer had been accepted, the case would have been continued until such mental evaluation could have been made. The offer, however, was not accepted and the record shows that any intention to rely upon insanity as a defense was disclaimed.

There is no support for appellant's contention that he did not have sufficient time to prepare his defense. The record shows that he was ably represented by counsel with adequate opportunity to pursue any available defense. Under these circumstances, the refusal of the motion for a continuance did not constitute an abuse of discretion.

An officer, Henry Garbade, testified as to an incriminating statement made by appellant. He was permitted to testify, over objection, that the statements were "free and voluntary." Objection was made upon the ground that such testimony amounted to an opinion of the witness on the ultimate issue that the jury had to decide.

The testimony discloses the circumstances under which the statement was made by appellant and his counsel cross examined the witnesses in detail to determine whether the statement was voluntarily made. Under these circumstances, it was not error to permit the witness to testify that the incriminating statement was voluntary. This is in accord with the general rule that "testimony of a witness that a confession was voluntary is not inadmissible as amounting to a conclusion or an opinion of the witness, where the circumstances surrounding the confession are in evidence." Annotation: 114 A. L. R. 974, 975; 23 C. J. S., Criminal Law, § 836, page 250; *State v. Teal,* 108 S. C. 455, 95 S. E. 69.

Appellant also contends that the trial judge was in error in admitting in evidence the alleged incriminating state-

ment, because the evidence conclusively showed that it was not freely and voluntarily made.

The incident, out of which the present charge arose, occurred just after 12 a. m. on October 26, 1972. It followed an afternoon and night of beer and wine drinking by appellant and the deceased. Appellant was arrested at the scene shortly after the shooting and the alleged statement was made while he was being transported to the jail. The position that the statement made by appellant should have been excluded is based upon the contention that appellant was intoxicated at the time it was made, and the "appellant's state of extreme intoxication prevented him from having the mental capacity necessary for a free and voluntary statement."

The fact that one is intoxicated at the time a confession is made does not necessarily render him incapable of comprehending the meaning and effect of his words. Therefore, proof that an accused was intoxicated at the time he made a confession does not render the statement inadmissible as a matter of law, unless the accused's intoxication was such that he did not realize what he was saying. Proof of intoxication, short of rendering the accused unconscious of what he is saying, "goes to the weight and credibility to be accorded to the confession, but does not require that the confession be excluded from evidence." 29 Am. Jur. (2d), Evidence, Section 577. Annotation: 69 A. L. R. (2d) 361; 23 C. J. S., Criminal Law, § 828, p. 229.

The trial judge admitted the statement in evidence upon the basis of a preliminary determination, in the absence of the jury, that the statement was freely and voluntarily made by appellant with a full understanding of his rights. The record supports this finding.

While there is testimony that appellant had been drinking rather heavily and was not acting normally, there is other testimony from which the conclusion may be reasonably drawn that he was not drunk and fully comprehended

what he was doing and saying. In fact, appellant testified, and the inferences to be drawn from his own testimony amply support the conclusion that his statement was understandingly and voluntarily given. The statement was properly admitted in evidence.

The final exception is based upon a statement made by the trial judge at the time of sentence, which, appellant contends, shows that the sentence was influenced by prejudice or improper considerations.

Immediately prior to imposing sentence, the trial judge made the statement to appellant: "I tried to get you to plead guilty and you wouldn't plead guilty." It is argued that this statement by the trial judge implied that he was imposing a more severe sentence because appellant exercised his right to stand trial rather than plead guilty.

A sentence of twenty (20) years was imposed. The maximum sentence permitted under the statute for the offense was thirty (30) years. The sentence therefore within the limits prescribed by law and we find nothing in this record to indicate that the trial judge was influenced in fixing the sentence by prejudice or any improper considerations.

The statement made by the trial judge must be considered in context. The appellant had just been asked if he had anything further to say before sentence was imposed. To this, he replied: "The only thing I've got to say is I didn't shoot Burton intentionally." The judge then replied: "I tried to get you to plead guilty and you wouldn't plead guilty. I think if I had been on the jury I would have probably done the same thing."

In imposing sentence immediately after the above colloquy, the trial judge stated: ". . . I am not going to give you the full thirty years, I should, and if you were a little older I would . . . Behave yourself and you will be eligible for parole after a third of that time and, if you are a good prisoner, I will recommend it."

The statements of the trial judge, including his promise to recommend parole as soon as appellant became eligible, clearly negative any punitive motive arising from appellant's refusal to plead guilty.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.