**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Samuel McNeil, Appellant.

Appellate Case No. 2010-180846

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2012-UP-548
Heard September 12, 2012 – Filed October 10, 2012

**AFFIRMED**

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General David A. Spencer, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

**PER CURIAM:** Samuel McNeil appeals his conviction for assault and battery of a high and aggravated nature (ABHAN), arguing that his confession to police was involuntary because it was made while he was intoxicated and detained in the back of a police cruiser. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Saxon*, 261 S.C. 523, 529, 201 S.E.2d 114, 117 (1973) ("[P]roof that an accused was intoxicated at the time he made a confession does not render the statement inadmissible as a matter of law, unless the accused's intoxication was such that he did not realize what he was saying. Proof of intoxication, short of rendering the accused unconscious of what he is saying, goes to the weight and credibility to be accorded to the confession, but does not require that the confession be excluded from evidence."); *State v. Moses*, 390 S.C. 502, 510-11, 702 S.E.2d 395, 399 (Ct. App. 2010) ("On appeal, the [circuit court's] ruling as to the voluntariness of the confession will not be disturbed unless so erroneous as to constitute an abuse of discretion."); *State v. Breeze*, 379 S.C. 538, 544, 665 S.E.2d 247, 250 (Ct. App. 2008) ("The test of voluntariness is whether a suspect's will was overborne by the circumstances surrounding the given statement. In making this determination, the [circuit] court must examine the totality of the circumstances surrounding the statement.").

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**