**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Jarrell Alexander, Appellant.

Appellate Case No. 2014-002207

———————————

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-419
Submitted September 1, 2016 – Filed October 5, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Staff
Attorney Susannah Rawl Cole, both of Columbia; and
Solicitor David Matthew Stumbo, of Greenwood, for
Respondent.

———————————

**PER CURIAM:** William Jarrell Alexander appeals his conviction of accessory after the fact to murder, arguing the trial court erred by admitting (1) three statements he made to law enforcement officers when he was intoxicated, which

rendered the statements involuntary; and (2) four additional statements he later made after officers allegedly threatened to charge him with murder. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the voluntariness of Alexander's first three statements: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("The trial [court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); *id.* at 378-79, 652 S.E.2d at 448 ("When reviewing a trial [court's] ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *State v. Breeze*, 379 S.C. 538, 543, 665 S.E.2d 247, 250 (Ct. App. 2008) ("Thus, on appeal the trial court's findings as to the voluntariness of a statement will not be reversed unless they are so erroneous as to show an abuse of discretion."); *State v. Stokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Miller*, 375 S.C. at 379, 652 S.E.2d at 449 ("A statement [made to officers] is not admissible unless it was voluntarily made."); *id.* at 384, 652 S.E.2d at 451 (stating the test of voluntariness is "'whether a defendant's will was overborne' by the circumstances surrounding the given [statement]" and that "[t]he due process test takes into consideration 'the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation'" (alteration in original) (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000))); *id.* at 386, 652 S.E.2d at 452 ("Appellate entities in South Carolina have recognized that appropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of the accused; [the accused's] age; length of custody; [and] police misrepresentations . . . ."); *State v. Silver*, 314 S.C. 483, 486, 431 S.E.2d 250, 251 (1993) ("[C]ustody is [also] a factor to be considered in determining voluntariness . . . ."); *State v. Navy*, 386 S.C. 294, 301, 688 S.E.2d 838, 841 (2010) ("Whether a suspect is in custody is determined by an examination of the totality of the circumstances, such as the location, purpose, and length of interrogation, and whether the suspect was free to leave the place of questioning."); *State v. Saxon*, 261 S.C. 523, 529, 201 S.E.2d 114, 117 (1973) (noting a defendant's level of intoxication when he made a statement to officers goes to the weight and credibility of the statement but "does not necessarily render him incapable of comprehending the meaning and effect of his words").

2.  As to the voluntariness of Alexander's later four statements: *State v. Register*, 323 S.C. 471, 478, 476 S.E.2d 153, 158 (1996) ("A statement may be held involuntary if induced by threats or violence, or if obtained by any direct or implied promises, or if obtained by the exertion of improper influence."); *Miller*, 375 S.C. at 386, 652 S.E.2d at 452 ("Coercion is determined from the perspective of the suspect."); *id.* at 384, 652 S.E.2d at 451 (stating the test of voluntariness is "'whether a defendant's will was overborne' by the circumstances surrounding the given [statement]" and that "[t]he due process test takes into consideration 'the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation'" (alteration in original) (quoting *Dickerson*, 530 U.S. at 434)); *id.* at 385-86, 652 S.E.2d at 452 (explaining that in determining the voluntariness of a statement, the trial court may consider police coercion and misrepresentations; the length of the interrogation; and the defendant's maturity, education, and physical condition); *Register*, 323 S.C. at 479, 476 S.E.2d at 158 ("Although police tactics may influence the suspect's decision to confess, as long as the decision results from the suspect's balancing of competing interests, the confession is voluntary.").[1]

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] Alexander's claim that his fourth statement was inadmissible because he was later threatened by officers is meritless.  *See Miller*, 375 S.C. at 386, 652 S.E.2d at 452 (noting a statement made *as a result* of an officer's threats is involuntary).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.