**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Billy Phillips, Appellant.

Appellate Case No. 2016-000108

―――――――――――

Appeal From Jasper County
Michael G. Nettles, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2018-UP-081
Submitted January 1, 2018 – Filed February 14, 2018

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody J. Brown, and Assistant Attorney General Margaret G. Boykin, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

―――――――――――

**PER CURIAM:** Billy Phillips appeals his convictions for murder and possession of a weapon during the commission of a violent crime. On appeal, Phillips argues

the trial court erred in (1) admitting a recorded interview Phillips had with law enforcement and (2) admitting testimony from an expert in DNA analysis.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting Phillips's interview with law enforcement: *State v. Navy*, 386 S.C. 294, 301, 688 S.E.2d 838, 841 (2010) ("On appeal, the trial court's findings as to custody must be upheld where they are supported by the record."); *id.* ("Whether a suspect is in custody is determined by an examination of the totality of the circumstances, such as the location, purpose, and length of interrogation, and whether the suspect was free to leave the place of questioning."); *State v. Silver*, 314 S.C. 483, 486, 431 S.E.2d 250, 251 (1993) ("[C]ustody is [also] a factor to be considered in determining voluntariness . . . ."); *State v. Miller*, 375 S.C. 370, 378-79, 652 S.E.2d 444, 448 (Ct. App. 2007) ("When reviewing a trial [court's] ruling concerning voluntariness, the appellate court does not re-evaluate the facts based [up]on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *id.* at 379, 652 S.E.2d at 449 ("A statement [made to officers] is not admissible unless it was voluntarily made."); *id.* at 382, 652 S.E.2d at 450 ("The trial [court] must determine if under the totality of the circumstances a statement was knowingly, intelligibly, and voluntarily made."); *State v. Saxon*, 261 S.C. 523, 529, 201 S.E.2d 114, 117 (1973) (noting a defendant's level of intoxication when he made a statement to officers goes to the weight and credibility of the statement but "does not necessarily render him incapable of comprehending the meaning and effect of his words").

2.  As to whether the trial court erred in admitting the DNA expert's testimony: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Ramsey*, 345 S.C. 607, 614-15, 550 S.E.2d 294, 298 (2001) ("DNA evidence may be admitted in judicial proceedings in this State in the same manner as other scientific evidence, such as fingerprint analysis and blood tests."); *State v. Primus*, 349 S.C. 576, 588, 564 S.E.2d 103, 109 (2002) ("[W]hile [a one in 174] probability is not nearly as definitive as that which has been offered in other trials, it is nonetheless highly persuasive, especially when

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

combined with other evidence of [defendant's] guilt."), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**