**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Melvin Durant, Appellant.

Appellate Case No. 2016-001390

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2019-UP-083
Submitted January 1, 2019 – Filed February 20, 2019

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Senior Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

**PER CURIAM:** Melvin Durant appeals his conviction for assault and battery of a high and aggravated nature (ABHAN). On appeal, Durant argues the trial court

abused its discretion by admitting two statements he made to law enforcement. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting Durant's statement to Corporal Happ: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Moses*, 390 S.C. 502, 510-11, 702 S.E.2d 395, 399 (Ct. App. 2010) ("[T]he trial [court's] ruling as to the voluntariness of [a] confession will not be disturbed unless so erroneous as to constitute an abuse of discretion." (quoting *State v. Myers*, 359 S.C. 40, 47, 596 S.E.2d 488, 492 (2004))); *State v. Miller*, 375 S.C. 370, 378-79, 652 S.E.2d 444, 448 (Ct. App. 2007) ("When reviewing a trial [court's] ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *Miranda v. Arizona*, 384 U.S. 436 (1966) (holding that, before police questioning can take place, an accused must be warned he has the right to remain silent and the right to an attorney; he must be afforded the "[o]pportunity to exercise these rights . . . throughout the interrogation"; and after these warnings, he may "knowingly and intelligently waive these rights and agree to answer questions or make a statement"); *State v. Franklin*, 390 S.C. 535, 540, 702 S.E.2d 568, 571 (Ct. App. 2010) ("A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights under *Miranda* . . . ." (alteration by court) (quoting *State v. Aleksey*, 343 S.C. 20, 30, 538 S.E.2d 248, 253 (2000))); *Moses*, 390 S.C. at 513, 702 S.E.2d at 401 (providing the State must show the waiver (1) was "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception"; and (2) was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it" (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 382-83 (2010))); *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) ("The test of voluntariness is whether a defendant's will was overborne by the circumstances surrounding the giving of a confession."); *Moses*, 375 S.C. at 513-14, 702 S.E.2d at 401 ("Courts have recognized appropriate factors that may be considered in a totality of the circumstances analysis: background; experience; conduct of the accused; age; maturity; physical condition and mental health; length of custody or detention; police misrepresentations; isolation of a minor from his or her parent; the lack of any advice to the accused of his constitutional rights; threats of violence; direct or indirect promises, however slight; lack of education or low intelligence; repeated

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR

and prolonged nature of the questioning; exertion of improper influence; and the use of physical punishment, such as the deprivation of food or sleep."); *id.* at 514, 702 S.E.2d at 401 ("[N]o single factor is dispositive and each case requires careful scrutiny of all surrounding circumstances."); *State v. Saxon*, 261 S.C. 523, 529, 201 S.E.2d 114, 117 (1973) ("The fact that one is intoxicated at the time a confession is made does not necessarily render him incapable of comprehending the meaning and effect of his words."); *id.* ("[P]roof that an accused was intoxicated at the time he made a confession does not render the statement inadmissible as a matter of law" but rather "goes to the confession's weight and credibility.").

2. As to whether the trial court erred in admitting Durant's statement to Investigator Wynn: *Moses*, 390 S.C. at 510-11, 702 S.E.2d at 399 ("[T]he trial [court's] ruling as to the voluntariness of [a] confession will not be disturbed unless so erroneous as to constitute an abuse of discretion." (quoting *Myers*, 359 S.C. at 47, 596 S.E.2d at 492)); *Miller*, 375 S.C. at 378-79, 652 S.E.2d at 448 ("When reviewing a trial [court's] ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *Franklin*, 390 S.C. at 540, 702 S.E.2d at 571 ("A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights under *Miranda* . . . ." (alteration by court) (quoting *Aleksey*, 343 S.C. at 30, 538 S.E.2d at 253)); *Moses*, 390 S.C. at 513, 702 S.E.2d at 401 (providing the State must show the waiver (1) was "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception"; and (2) was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it" (quoting *Berghuis*, 560 U.S. at 382-83)); *Miller*, 375 S.C. at 380, 652 S.E.2d at 449 ("Volunteered statements, whether exculpatory or inculpatory, stemming from custodial interrogation or spontaneously offered up, are not barred by the Fifth Amendment.").[2]

---

[2] This court finds Durant's contention that his statement was involuntary because Investigator Wynn improperly promised to help him is unpreserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**