THE STATE v. QUICK

(140 S. E., 97)

1. INTOXICATING LIQUORS—WHETHER DEFENDANT STORED AND POSSESSED INTOXICATING LIQUORS HELD, UNDER EVIDENCE, FOR JURY.—Evidence of finding liquor in defendant's locked garage, which was within 20 feet of his dwelling, and both buildings being inclosed by wire fence, *held* sufficient for jury on issues of storing and possessing alcoholic liquors on defendant's premises.

2. CRIMINAL LAW—TESTIMONY OF RURAL POLICEMAN AS TO FORMER SEARCH OF DEFENDANT'S PREMISES AND FINDING WHISKY THEREON HELD COMPETENT ON CHARGE OF STORING.—Admitting State's testimony of rural policeman as to former search of defendant's premises at time not alleged in indictment, and finding whisky thereon, *held* competent on charge of storing, where it was shown defendant had pleaded guilty to former offense and paid fine.

3. CRIMINAL LAW—EXCLUDING TESTIMONY THAT OFFICER SEARCHING PREMISES WAS NOT LOOKING FOR DEFENDANT, BUT FOR ANOTHER PERSON, HELD PROPER, WHERE OFFICER'S INFORMATION WAS HEARSAY. —In prosecution for storing intoxicating liquor, excluding testimony of officer who searched defendant's premises 'that officer was not looking for defendant, but for another person, was not error, where suspicion which officer may have had and information showing that another possessed the whisky was hearsay.

4. CRIMINAL LAW—REFUSAL OF CHARGE ON CIRCUMSTANTIAL EVIDENCE HELD NOT ERROR, WHERE STATE'S AND DEFENDANT'S TESTIMONY WAS DIRECT.—In prosecution for storing and possessing intoxicating liquor, where State's evidence, showing whisky was found on defendant's premises, which were in his exclusive control, was direct, and defendant's evidence that another had placed the whisky on his premises was also direct, refusal of charge on circumstantial evidence was proper.

5. CRIMINAL LAW—CHARGE THAT POSSESSION DID NOT NECESSARILY MEAN MANUAL POSSESSION, USING AN ILLUSTRATION, HELD NOT ERROR AS CHARGE ON FACTS.—In prosecution for storing and possessing intoxicating liquor, charge "that to have possession does not necessarily mean to have manual possession, so that question of possession is one that means it is under your control, and you place it on your premises, it comes into your possession if you are in possession of premises," used as illustration, held not error as a charge on the facts.

6. CRIMINAL LAW—TO TEST CHARGE FOR ERROR, IT MUST BE CONSIDERED AS A WHOLE.—To determine whether there was error in charge, the whole charge must be considered.

7. INTOXICATING LIQUORS—TWELVE MONTHS AT HARD LABOR ON PUBLIC WORKS OR IN PENITENTIARY NINE MONTHS THEREOF SUSPENDED DURING GOOD BEHAVIOR, HELD DISCRETIONARY SENTENCE FOR STORING LIQUOR (CONST. ART. 1, § 19).—In prosecution for storing and possessing intoxicating liquor, sentence to 12 months at hard labor on public works, or for like period in State Penitentiary, nine months thereof being suspended during good behavior, held not abuse of good discretion, as violating Const. Art. 1, § 19.

Before DENNIS, J., Darlington, February, 1927. Affirmed.

Marshall Quick was convicted of violation of the prohibition law, and he appeals.

*Messrs. Miller, Lawson & Stokes,* for appellant, cite: *Conclusive of case at bar:*    134 S. C., 226; 130 S. C., 160;

126 S. E., 765; 134 S. C., 72; 136 S. C., 300; 123 S. C., 486. *Error to admit testimony as to former search and conviction:* 133 S. C., 491; 120 S. C., 205; 125 S. C., 406; 168 N. Y., 264; 62 L. R. A., 193. *Prejudicial error for Circuit Judge not to 'declare the law as required by Art. 5, Sec. 26, Const.:* 109 S. C., 245. *Excessive punishment:* 138 S. C., 30.

*Mr. M. J. Hough, Solicitor,* for respondent.

October 27, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The defendant, Marshall Quick, appeals to this Court from his conviction and sentence in the Court of General Sessions of Darlington County for violation of the prohibition law (Cr. Code, 1922, § 820 et seq., as amended). There were five counts in the indictment. Only two of these were submitted to the jury, the second count, which charged "storing," and the third count, which charged the receipt, acceptance, and having in possession of alcoholic liquors.

The appellant's first exception charges error on the part of the trial Judge in refusing his motion for a directed verdict of acquittal. The second exception alleges error in refusal to grant appellant's motion for a new trial on the ground that the evidence was not sufficient to support the verdict. These two exceptions may be considered together.

The State submitted testimony showing that peace officers, on December 15, 1926, searched certain premises in possession of the appellant, and where he resided. The appellant was at·home at the time, having recently returned from a hospital, where he had been confined on account of a gunshot wound, but the appellant was able to walk around. Some six or eight pints of whisky were found in appellant's garage, which was locked.

Appellant's dwelling house and other outbuildings were all inclosed by a wire fence, and the garage was not over 20 feet from the dwelling. At a time previous to the date alleged in the indictment, at the instance of officers, the appellant was induced to sell a half gallon of whisky, and, when the officers attempted to seize the whisky, the appellant broke the vessel in which it was contained, and other whisky was found in appellant's house. Quite a number of empty bottles and fruit jars were found in different places on appellant's premises, and a "trapdoor" for the hiding of goods, presumably whisky, was discovered. It is true the appellant and his witnesses denied that the appellant was in possession of the whisky found by the officers on December 15, 1926, and they attempted to show that another person had placed the whisky there during the appellant's absence.

We think the evidence was entirely sufficient to warrant the case being submitted to the jury, and there was no legal error on the part of the trial Judge in refusing the motion for new trial on the ground stated.

The appellant, by his third exception, complains of error in the admission of testimony offered by the State, through Rural Policeman Segars, as to a former search of the defendant's premises, at a time not alleged in the indictment, and the finding of whisky on the premises at such time. It was shown by the appellant that he had pleaded guilty to the former offense, and had paid the fine imposed upon him therefor. The evidence was competent on the charge of "storing," and we cannot sustain this exception.

The appellant's fourth exception claims there was error in the exclusion of testimony offered by him by witness Miller, one of the officers who searched appellant's premises, to the effect that he was not looking for appellant, but for another person in consequence of the discovery of the liquor found on the premises of the appellant. The matter came up in this way. Appellant's counsel asked

the witness: "What was the information you received?" The trial Judge stopped this examination. A little later the presiding Judge stated that the witness could tell everything that he saw, but that he could not give information which came to him as that was hearsay. It seems the purpose of. appellant's examination was to show that this officer suspected one Dave Brockington as being the owner of the whisky found on the appellant's premises. Suspicion, which the officer may have had, as well as information which he had received, showing that Brockington may have owned the whisky, or may have placed it there, was hearsay testimony and properly rejected.

The fifth exception imputes error to the trial Judge in failing to charge the law of circumstantial evidence; it being insisted that the only evidence in the case was circumstantial evidence. The evidence on the part of the State showed that. whisky was found on the appellant's premises, and that the appellant had exclusive control of those premises. This evidence was direct and positive. The evidence of the defendant went to show that Brockington had placed the whisky on appellant's premises. That testimony was direct and positive. The evidence did not call for a charge on circumstantial evidence; and, in the absence of any request therefor by the defendant, there was no error on the part of the Circuit Judge as alleged.

Exception 6 urges that the Circuit Judge charged on matters of fact in the following language, which he used to the jury:

"Now, gentlemen, to have in possession does not necessarily mean that you have to have it in your hand, your pocket. It means that you must have it under your control. For instance, my automobile is out there on the. street. I tell one of you gentlemen to take it and go somewhere. It is in your possession while you have it; but you bring it back and leave it on the street and come and tell me, 'I left your automobile down there on the street,' from time

you do that it is in my possession, although I have not seen it since you brought it back. When the property is yours, the law presumes that you are in possession of it. You may take your automobile and place it on the street and leave it and go off, it is in your possession still, until somebody takes it out of your possession. I am using that to illustrate to you the fact that possession does not mean manual handling and holding of it."

The whole charge must be considered in ascertaining if there was error. Soon after instructing the jury in the language complained of by the appellant, the Circuit Judge also charged the jury as follows:

"So the question of possession is one that, as it implies means it is under your control, and you place it at a place, or have it placed there for you on your premises, it comes into your possession if you are in possession of the premises. It does not mean that, if a man puts something on your premises that you know nothing about, you are responsible for it. It means, though, that, if it is there with your knowledge, put there with your knowledge and consent on your premises, it is in your possession, whether you put it there or had somebody else to put it there."

Oftentimes juries can be made to understand the law of the case easier if they are given helpful illustrations. In giving such illustrations, however, a trial Judge should avoid the facts of the case on trial. There was no evidence in this case to show that the whisky found was in the appellant's automobile. The language last quoted from the charge, and the illustration made by the Circuit Judge, contained a correct statement of the law. We do not think it was a charge on the facts.

The appellant was sentenced to serve a term of twelve months at hard labor on the public works of Darlington County or for a like period in the state penitentiary; nine months thereof being suspended during his good behavior. By his seventh exception, the appellant com-

plains that the sentence imposed was an abuse of the Judge's discretion; the same being unjust, unreasonable, and excessive, and in violation of the Constitution (Article 1, § 19). This Court has sustained much heavier sentences than this for violation of the prohibition law. We cannot agree with the contention made.

The judgment of this Court is that the judgment below be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.