12807

STATE v. BROWNING

(151 S. E., 233)

*Messrs. Brantley & Zeigler,* for appellant,

*Solicitor N. R. Smith* for respondent,

January 14, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The appellant was tried in the County Court of Orangeburg County on an indictment which contained two counts: (1) The storing of certain alcoholic liquors, and (2) the unlawful receipt and having in his possession of certain alcoholic liquors. He was convicted on the second charge, and appeals to this Court.

Error is imputed to the County Judge for his refusal to require the State to elect on which of the two counts the trial would be had. The ruling of the Judge was correct, as will be shown by the decision in the case of *State v. Harrell*, 142 S. C., 17, 140 S. E., 256, and the cases therein cited.

The State was allowed, over the objection of the appellant, to introduce in evidence, through the Clerk of the Court of the County, an indictment against the appellant for some violations of the laws, as to intoxicating liquors at a time previous to the date of the offenses alleged against the appellant in the case at bar, to which indictment the appellant pleaded guilty, and for which offense there charged he was fined, and which fine he paid. The allowance of the introduction of this paper is here questioned by the appellant, and, in our opinion, the exception making the question should be sustained.

The general rule seems to be that evidence of another distinct offense, not connected with the crime charged, is not admissible in a prosecution for the violation of the liquor law; but there are many exceptions to this rule, and the Courts are at variance in their decisions on this subject. See 16 C. J., 605.

The County Judge seems to have based his ruling upon the authority of the case of the *State v. Quick*, 141 S. C., 442, 140 S. E., 97. We think he was misled by the second syllabus of the case as reported. That syllabus is as follows: "Admitting State's testimony of rural policeman as to form-

er search of defendant's premises at time not alleged in indictment, and finding whiskey thereon, held competent on charge of storing, *where it was shown defendant had pleaded guilty to former offense and paid fine.*" (Emphasis added.)

A hasty reading of the syllabus might cause the reader to think that it was decided by this Court that in the trial of a person for the violation of the liquor laws, the State might show that the defendant had formerly pleaded guilty to some offense against those laws and had paid the fine imposed therefor. A reading of the decision will show, however, that such was not the holding in that case. The State was allowed to show the finding of whiskey on the premises of the defendant at a time not alleged in the indictment, and this Court upheld that ruling. The appellant in that case claimed that the testimony of the officer who had made the former search was incompetent, since he had pleaded guilty to the former offense, and had paid the fine imposed upon him for it. We held the evidence offered by the State competent on the charge of "storing" in face of the showing made by the defendant. We did not say that the State could introduce the record of the former conviction, and the State did not even offer that record. Proof of the former conviction was offered by the defendant.

Perhaps we did not say enough in the *Quick case,* the fault, if any, being attributable to the writer of this opinion, who spoke for the Court in that case. What we intended to hold there, and do now hold, is that when one is charged with the storing of contraband liquors on his premises, the State may offer evidence going to show that at some former time, not too remote, the defendant had contraband liquors at the same premises. The purpose of allowing testimony of this kind is to establish "continuity" or "habit," which is a necessary element in the crime of "storing" as laid down by the previous decisions of this Court. See *State v. Burns,* 133 S. C., 238, 130 S. E., 641, 644, and cases there cited.

We do not think it was proper to allow the State to introduce the record of the appellant's conviction, or rather his plea of guilt. In *State v. Ashley*, 128 S. C., 411, 123 S. E., 260, while the defendant was being tried for a violation of the prohibition law, the solicitor, in the presence of the petit jury, charged with the trial of the defendant, read the caption of a similar indictment against the defendant, and swore witness to send before the grand jury on that indictment. It was held that this operated to deprive the defendant of the fair and impartial trial to which he was entitled under the law. The introduction of a court record showing the defendant's former conviction and sentence went further even than the handing out of an indictment against the defendant, as was done in the *Ashley Case*.

There is quite a distinction in the offering of testimony on the part of witnesses to show the finding of whisky on one's premises at a former time, and in permitting the introduction of a record showing the conviction of such person. In the former instance, the defendant may by testimony negative the testimony offered against him, or explain or weaken the effect of that testimony. When a court record showing his guilt, either by conviction or plea, is presented against him, there is nothing he could show which would be worth while in counteracting the effect of a solemn judgment of a Court against him, although he may have paid in full the penalty of the law. We think, too, that it would be bad policy in the enforcement of our prohibition laws to permit the introduction of records showing former pleas of guilty as to violation of the liquor laws, since persons disposed to admit their error would be fearful of future consequences resulting from such confessions on their part.

It is earnestly suggested that the error, if any, which occurred in the trial of the case, was not prejudicial to the defendant for certain reasons, and therefore such error was not sufficient to warrant a reversal of the judgment against the defendant. We concede that often-

times slight errors occurring in a trial do not have any real effect as to the jury's verdict. It is difficult some time, however, for this Court to determine when the error was really prejudicial. The safe rule for us to follow, when the error was important enough to make it really questionable as to what the result would have been, is to give the defendant the benefit of the reasonable doubt, which right the law of the land accords him. It is true defendant's counsel, on cross-examination, brought out from a witness for the State evidence as to former findings of whisky on the defendant's premises, but the defendant's counsel did not bring out the more important matter that the defendant had been tried and convicted, by his plea of guilt, for another and distinct offense than the one charged against him in this case. That matter was introduced into the trial by the prosecution and not by the defendant. It is true, also, that the defendant did not take the stand to deny or explain the evidence adduced against him, and that he did not offer any evidence in his behalf. Defendant's able counsel may have been so certain of their position as to error in the introduction of the indictment, and, for that reason, so sure of a reversal of an adverse judgment against their client, that they deemed it unnecessary and unwise to offer testimony in his behalf. The defendant had the constitutional right to adopt these courses if he chose to do so, and neither the lower Court nor this Court have the right to punish him for the exercise of either of those rights. And even if the defendant chose to remain silent at his trial, that fact did not reverse the usual rule of the law that the burden of establishing the defendant's guilt still remained on the State. Mr. Justice Marion, speaking for this Court in *State v. Burns, supra,* laid down what we conceive to be the proper legal principles in this regard, and those which are in entire accord with the constitutional guaranties of persons accused of crime: "It is true that a *prima facie* case is made out by the State when it establishes the fact of storing or keeping intoxicating

liquor. The statute law makes the storing or keeping un-lawful, except under certain conditions. Under the well-settled rule in such cases, if the defendant claims that the storing or possession was not unlawful, because coming within the terms of an exception or proviso in the statute, or because the possession was for specially permitted pur-poses, or under other circumstances which would relieve him from criminal responsibility, the burden is on him to estab-lish such defense. (Citing cases.) But the failure of a de-fendant to assume that burden by offering evidence to bring himself within the exception does not as a matter of law conclude him or forestall the verdict. It is incumbent upon the State to prove guilt beyond a reasonable doubt, and upon that general issue the burden remains with the State throughout the trial. (Citing cases.) Upon the issues of fact, therefore, as to whether this liquor had been procured in a lawful manner, the defendants had the right to go to the jury upon the State's *prima facie* case and to have all the facts and circumstances considered by the jury; 'they giv-ing such weight to the presumptive evidence (adduced by the State) as they may think it should have under the cir-cumstances.' "

The judgment of this Court is that the judgment below be reversed, and that the case be remanded to the lower Court for a new trial.

MESSRS. CHIEF JUSTICE WATTS and JUSTICE COTHRAN concur.

MESSRS. JUSTICES STABLER and CARTER dissent.

MR. JUSTICE STABLER (dissenting) : The indictment in this case contained two counts, one for storing and the other for having in possession alcoholic liquors. The defendant was found not guilty on the first and guilty on the last named charge. The Court allowed the State to introduce in evidence, over objection, for the purpose, as stated by the trial Judge, of showing "continuity" required to be shown in establishing

the charge of storing, a former indictment against the defendant for violation of the prohibition law, to which he had entered a plea of guilty. The defendant contends that the admission of this testimony, even for the purpose named, was prejudicial error, and Mr. Justice Blease, in his opinion so concludes and decrees a reversal of the judgment.

I think the verdict of the jury should be allowed to stand. even if it be held that the admission of the evidence complained of was error (a matter about which I reserve my opinion), such error, under the facts of the case, was without prejudice to the defendant. In order to prove the defendant's guilt on the charge that he had in his possession contraband liquors at the time named in the indictment, the State offered three witnesses, who testified that they, on August 11, 1928, went to the home of the defendant and made a search of his premises; that upon their arrival there they saw Browning with four bottles of whisky, but that before they reached him he broke the bottles; that they found an additional bottle of whisky (which was introduced in evidence at the trial), in the arm of a rocking chair on his front porch; and that Browning said that he would have broken them all if the officers had given him time to do so. The defendant offered no testimony on his own behalf, and this undisputed evidence for the State went to the jury as positive proof, if believed, of his guilt on this count of the indictment. And there was no effort made by the defense to show that the witnesses were unworthy of belief. It is difficult, therefore, when the verdict found is considered in the light of the undisputed testimony offered to support it, to see just how the record of the defendant's former conviction, introduced for the purpose of proving the charge of storing on which he was found not guilty, could have affected the jury in reaching their verdict of guilty on the charge of having in possession.

I think the judgment of the trial Court should be affirmed.

Mr. Justice Carter (dissenting) : Being unable to agree to the conclusion reached in the leading opinion in this case, I most respectfully dissent. If it was improper and prejudicial to the rights of the defendant to admit in evidence the record in another case, showing that the defendant had entered a plea of guilty on an indictment charging a like offense (a question not necessary to be decided in this case), such fact is not ground for reversal in this case, for the reason that the question of a former offense was injected into the trial of the case by defendant's counsel and *not* by the State. On cross-examination of one of the State's witnesses, Mr. Reed, counsel for defendant elicited from that witness the following :

"Q. Have you searched his place before? A. Yes, sir.

"Q. You have? A. Yes, sir.

"Q. How many times? A. I have been there half a dozen times.

"Q. For whisky? A. Yes, sir.

"Q. Did you find any whisky before? A. Yes, sir.

"Q. Which time? A. Every time."

The introduction of the indictment showing that the defendant had entered a plea of guilty for said offense, concerning which counsel for defendant questioned the witness, was simply cumulative testimony and should not work a reversal of the judgment. In my opinion the judgment should be affirmed.