15084

STATE v. PHILLIPS

(9 S. E. (2d), 32)

*Messrs. Hemphill & Hemphill* and *T. K. McDonald,* for appellant,

*Mr. W. G. Finley,* Solicitor, for the State,

May 13, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

At the September term, 1939, of the Court of General Sessions for Fairfield County, the appellant was convicted and sentenced for, on August 18, 1939, unlawfully storing alcoholic liquors which did not have South Carolina revenue stamps affixed to the container and containers thereof. The indictment upon which he was tried contained another count, to wit, unlawfully having in his possession alcoholic

liquors, which did not have South Carolina revenue stamps affixed to the containers. Soon after entering upon the trial, the State elected to prosecute on only the count charging storing.

The first witness for the prosecution (a deputy sheriff for Fairfield County) had barely begun his narrative, when the learned solicitor undertook to propound the following question: "Mr. Parrish, as an officer of the law, within the past three years, since the adoption of the liquor law, how many times have you had occasion to search or raid * * * ," when he was interrupted by counsel for the appellant with an objection as to the remoteness and indefiniteness of such testimony. Thus was precipitated a lengthy discussion between the trial Judge, the solicitor and appellant's counsel as to the admissibility of testimony of former violations of the liquor laws of this State by the appellant.

The theory upon which testimony of former violations of the law—having in possession and the storing of unlawful liquor or lawful liquor for an unlawful purpose—if not too remote, is admissible against a defendant on trial for the unlawful storing of liquor on a subsequent date, is that such testimony tends to establish "continuity" or "habit" which is a necessary element in the crime of unlawfully storing. *State v. Browning,* 154 S. C., 97, 151 S. E., 233. During the discussion above referred to, and which continued thereafter, the trial Judge excused the jury. In its absence, the witness was further examined for the purpose of aiding the trial Judge in determining how far in the past he would permit testimony of former violations. It was developed that on two occasions the officers of the law had found liquor on the premises of appellant, these occasions being in two or three months prior to May, 1938 (it was later developed in the trial, according to the officers' testimony, that it was in March, 1938), and in May, 1938. Also, that several searches of the appellant's premises were made between May, 1938, and August, 1939, but no liquor was procured, "but found they poured it out." Of course,

the statement in quotation was but a conclusion on the part of the witness. With this information, the trial Judge ruled that he would limit the former violations to the years 1938 and 1939.

While the above negatives "continuity" or "habit," yet as the trial proceeded, without herein setting forth the testimony, there was evidence of other liquor having recently been on the premises of appellant when the officers searched his premises on several occasions, sufficient, we would say, to warrant the trial Judge in admitting the testimony as to the finding of unlawful liquor, and liquor for an unlawful purpose in the possession of appellant in March and May, 1938.

We caution against permitting the officers or witnesses from stating conclusions. They should be strictly held to stating the facts within their personal knowledge. It is for the jury to determine from the conditions found to exist by the officers, if liquor had recently been upon the premises when they made their searches, and for an unlawful purpose; and the fact that a great number of searches of appellant's premises were made is not evidence of his guilt.

If no evidence of liquor had been found in making the searches between May, 1938, and August, 1939, we would hold that the testimony of the finding of liquor in March and May, 1938, was too remote to permit of its admission.

The appellant resides in a house known as the "big house," in which several other families reside. It was error to permit testimony of searches at the "big house" generally. Only such searches as were made of the portion thereof occupied by appellant was admissible; and testimony as to what was found and conditions existing in any portion of the house not in the control of appellant should have been excluded. In other words, only such testimony as directly or circumstantially connected the appellant with the crime charged was admissible against him.

During the argument of counsel for the appellant (the closing argument in the trial of the case), counsel was interrupted by the Court when he made reference to the possession of whiskey by appellant in March and May, 1938, and was not permitted to argue to the jury that they were not passing upon whether the appellant was guilty of the March and May, 1938, offenses, but the sole question before them was whether the appellant was guilty of storing liquor for an unlawful purpose on August 18, 1939. This was not only legitimate argument, but the only issue before the jury. Therefore the action of the trial Judge was so highly prejudicial to appellant as to amount to error.

For the errors hereinabove noted, the conviction of appellant is set aside, and he is hereby granted a new trial.

Reversed and remanded.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISH-BURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE WM. H. GBIMBALL. concur.