15724

STATE v. FISHER

(33 S. E. (2d), 495)

*Mr. J. D. Lanford,* of Greenville, S. C., Counsel for Appellant,

*Mr. W. A. Bull,* Solicitor, of Greenville, S. C., appeared as Counsel for The State, Respondent.

March 21, 1945.

MR. ASSOCIATE JUSTICE OXNER delivered the majority Opinion of the Court, with MR. CHIEF JUSTICE BAKER filing a Dissenting Opinion in which MR. JUSTICE TAYLOR concurred. The Opinion of the Court follows:

Deputy Sheriff Patterson was first asked how many times during the preceding six months he had *"had occasion"* to go to defendant's home. Upon objection by defendant's counsel, the question was reframed with the italicized words omitted. The witness answered that he had gone on "an average of once every two weeks." He was then asked who lived in the home, to which he replied that it was the home of defendant and that he saw defendant's brother, Ansel Fisher, only on the first two visits which were made in October, 1943. The witness further testified that on two of

these trips, one in October and the other in November, 1943, the defendant had in his possession unstamped whiskey and made sales on both occasions.

It is conceded in the opinion of the Chief Justice that the evidence of the offenses alleged to have been committed in October and November was competent, but it is held that the testimony as to the other visits made by this officer was highly prejudicial and constituted an attack on defendant's reptuation.

Defendant testified that both he and his brother resided in this home. The testimony in controversy may have been offered in anticipation of a contention by defendant that he was not the sole occupant of the premises, and to show that the witness from frequent visits was in a position to know who resided there. But assuming that the testimony was irrelevant, I do not think it was prejudicial. The most that defendant could claim is that it tended to show that the officer thought he was unlawfully engaged in handling intoxicating liquors and was making frequent visits to the premises for the purpose of securing evidence thereof. But the testimony as to the visits when the defendant was found violating the law regulating intoxicating liquors, which testimony is conceded to be competent, conveyed the same impression. The reasonable inference to be drawn from the foregoing testimony is that on the other occasions the officer found no whiskey which, instead of being prejudicial, tended to negative the idea of continuity or habit, an essential element to the offense of storing.

I am in full accord with the disposition made of the other questions, but think all exceptions should be overruled and judgment below affirmed.

The majority of the court having concurred in the foregoing, it has become the judgment of the court.

Affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES concur.

MR. CHIEF JUSTICE BAKER (dissenting).

The second count in the indictment on which the appellant was tried, convicted and sentenced is in the following language: "That Jack Fisher on the 11th day of March, 1944, in the County of Greenville and State of South Carolina, did willfully and unlawfully store and keep in his possession two and one-half gallons alcoholic liquors which did not have South Carolina revenue stamps affixed to the container and containers thereof, against the form of the statute in such case made and provided and against the peace and dignity of the State."

Prior to entering upon the trial, the appellant demurred to and moved to quash the indictment as to the second count "on the ground that it does not fully inform the defendant of the charges placed against him by alleging the place of storage". This motion was refused, and is the basis of appellant's first exception.

Article I, Section 18 of the Constitution of 1895, provides that "in all criminal prosecutions the accused shall * * * be fully informed of the nature and cause of the accusation; * * *." Section 1003 of the Code of 1942 reads in part: "Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges the crime substantially in the language * * * of the statute prohibiting the same, or so plainly that the nature of the offense charged may be easily understood; * * *."

The twofold purpose of the statute in requiring the indictment to allege the "place" of the commission of the crime is to lay jurisdiction of the court, and inform the accused of the county in which he is charged with the violation of the law. The indictment in this case complies with the requirement of the law. In this connection,

see *State v. Colclough,* 31 S. C., 156, 9 S. E., 811; *State v. Burbage,* 51 S. C., 284, 28 S. E., 937.

Following the refusal of the trial judge to quash the indictment as to the second count, the appellant moved the court to require the State to amend this count "by alleging reasonably definite the place where the whiskey is alleged to have been stored (in the County), reasonably close to the proof" relied upon. This motion was likewise refused.

The granting and/or refusal of this motion was in the sound discretion of the trial judge. The record does not disclose that he abused his discretion, that is to say, the record does not disclose that the appellant was prejudiced or suffered any surprise in the final placement of the alleged storage by the testimony.

The next question presented by this appeal is: Did the trial judge err in allowing testimony as to previous offenses alleged to have been committed by the appellant in the possessing, storing and selling of whiskey four and five months prior to the date of the alleged commission of the offense for which the appellant was being tried; and in permitting Deputy Sheriff Patterson, a witness for the State, to testify that for a period of six months preceding the trial of the appellant (on May 4, 1944), he had had occasion to go to appellant's home on an average of once every two weeks?

The offense of storing and keeping in possession unstamped liquor involves the idea of continuity of habit. *Town Council of Easley v. Pegg,* 63 S. C., 98, 41 S. E., 18. *State v. Burns,* 133 S. C., 238, 130 S. E., 641. Evidence of former possessions of unstamped whiskey over a not too remote period is relevant to the issue of continuity. We quote from *State v. Shumpert,* 195 S. C., 387, 11 S. E. (2d), 523, 526:

"The rule excluding evidence that accused committed other offenses is subject to a number of exceptions and limi-

tations, as where such evidence tends directly or fairly to prove his guilt of the crime charged, or to connect him with it, or to rebut the defensive theory or a special defense, or to establish the absence of mistake or accident, or where the crime charged and the other offense are closely related or connected; and evidence otherwise competent to establish accused's guilt of the crime charged is not inadmissible because it incidentally tends to prove him guilty of another crime. 22 C. J. S., Criminal Law, § 683, p. 1089; *State v. Gregory,* 191 S. C., 212, 4 S. E. (2d), 1; *State v. Lyle,* 125 S. C., 406, 118 S. E., 803, 807; 20 Am. Jur., § 310, p. 289. * * *

"In a prosecution for possessing whiskey, it is not error to admit evidence showing, or tending to show, that on other occasions, not too remote, both before and after the date of the offense charged in the accusation, the defendant possessed whiskey. Such evidence is relevant to show intent, motive, knowledge, design or plan, and as showing circumstances corroborative of the evidence relating to the transaction charged in the accusation upon which the defendant is being tried. 22 C. J. S., Criminal Law, § 691n, pp. 1152, 1153. And see cases cited in note."

The appellant had not put his reputation in evidence. The sole purpose for which testimony as to the frequent visits of a law enforcement officer to the home of the appellant could have been offered was to create in the minds of the jury that the appellant's reputation for dealing in whiskey, and having in his possession and storing whiskey, was bad. Conceding that appellant probably had a bad reputation as to dealing in whiskey, yet, as aforesaid, he had not placed his reputation in evidence, and it was therefore error to allow the State to in this manner attack his reputation. And we cannot say that it was harmless error, although disregarding this evidence there was sufficient testimony on which the jury could have found a verdict of guilty. This testimony could have carried considerable weight with the jury in its

deliberations. If it could have reasonably influenced the jury as a whole, or any member thereof, then it was not harmless error.

In *State v. Phillips,* 194 S. C., 46, 9 S. E. (2d), 32, 33 (the defendant in that case having been convicted of unlawfully storing alcoholic liquors), this court had occasion to remark that "the fact that a great number of searches of appellant's premises were made is no evidence of his guilt." This being so, then testimony of frequent visits of Deputy Sheriff Patterson to appellant's home and premises could have no probative value, and was merely a subterfuge to get before the jury the reputation of this appellant.

We are aware of the fact that the courts have been prone to pass lightly over errors of law committed in the trial of defendants charged with violations of statutes governing the control of intoxicating liquors, but the established rules of admissibility of testimony should be followed in every case, irrespective of the offense charged. Accordingly, we are constrained to hold that the admission in evidence of the testimony of Deputy Sheriff Patterson as to the number of times he had occasion to go to, or had gone to appellant's home constituted reversible error.

This case should be reversed and remanded for a new trial.

MR. ASSOCIATE JUSTICE TAYLOR concurs.

MR. ASSOCIATE JUSTICE TAYLOR (dissenting).

The State's witness, Patterson, being an officer of the law, testified that he went to defendant's home on "an average of once every two weeks" prior to his location and seizure of the contraband whiskey in question. This certainly implied that he had done so for the purpose of searching for illegal whiskey and therefore placed upon the defendant such unwarranted burden as his reputation as a law enforcement officer carried. For this reason I am joining the dissent of Chief Justice Baker.