16060

STATE v. NEELEY
(46 S. E. (2d) 873)

*Messrs. Frank L. Taylor* and *J. A. Hutto,* of Columbia, for Appellant,

*Mr. T. P. Taylor,* Solicitor, of Columbia, for Respondent.

March 26, 1948.

Baker, C.J.: At the September, 1947, term of the Court of General Sessions for Richland County, the appellant was tried and convicted on an indictment containing two counts, charging (1) the possession of certain alcoholic liquors for unlawful use, and (2) the sale of alcoholic liquors without having first obtained a license to do so.

From the verdict of guilty, and sentence imposed, the appellant comes to this Court on three exceptions alleging error on the trial of the case, (1) prejudicial argument to the jury by the Solicitor, (2) admission in evidence of a quantity of whiskey alleged to have been found at the home of the appellant (the identical place where the possession and sale was alleged to have occurred) a few days after the alleged sale and for which she was separately indicted, and (3) failure of the trial Judge "to grant a mistrial after a quantity of whiskey had been exhibited to the jury that was found in the home of the appellant several days after the date alleged in the indictment and for which she was separately indicted * * *"

When the Solicitor was making his argument to the jury, the record discloses the interruption and objection, and ruling by the Court following: "Mr. Hutto (of counsel for the defendant-appellant): If your Honor pleases I don't know that it is proper to try to discredit a man because of his physical infirmities. The Solicitor: Well, 'Mr. Neeley with one eye' then. The Court: Let the Solicitor make his own argument, Mr. Hutto. I can't hold that it is inflammatory".

It is contended by counsel for the appellant that in the Solicitor's argument to the jury and immediately prior to the above reported objection he had referred to the husband of the appellant, who it is alleged was a witness in her behalf (the testimony in behalf of the appellant does not appear in the record) as "old one-eyed Neeley"; and that such reference or designation constituted unfair and improper argument, and was calculated to and did incite the jury's preju-

dice against the appellant; and that the refusal of the trial Judge to instruct the jury to disregard such alleged improper reference constitutes reversible error.

In the oral argument of this appeal, the Solicitor neither denied nor affirmed that in his argument to the jury he referred to the husband of the appellant as "old one-eyed Neeley", but stated that such was possible in that he had often heard Mr. Neeley so referred to, and knew him or of him as "one-eyed Neeley", but that there was no intent on his part to ridicule Mr. Neeley on account of such infirmity.

While it is unfortunate that any reference whatsoever was made to the physical infirmity or disfigurement of a witness by a quasi-judicial officer in a court of justice, and such does not have the approval of this Court, we must assume that the jury whose duty it was to pass upon the innocence or guilt of the appellant, were intelligent men and were aware of the fact that a physical defect does not affect a person's veracity as a witness. Further, it does not appear from the record that counsel for the appellant in addressing the Court at the time of the objection sought other relief than an admonition from the Court to the Solicitor not to indulge in remarks derogatory of the witness' personal appearance, and thereby undertake to discredit the witness.

In the light of the testimony disclosed by the record, unless the jury placed no credence in the testimony of the law enforcement officers, we cannot conceive of any conclusion at which they could have arrived other than the guilt of the appellant as charged in the indictment. Therefore, conceding that it would have been in order for the trial Judge to instruct the jury to disregard the reference by the Solicitor to the physical disfigurement of the husband of the appellant, we see no reversible error in his failure to do so. In this connection, see *State v. Gilstrap,* 205 S. C. 412, 32 S. E. (2d) 163, 164.

Exception 2, and so much of Exception 3 as is appropriate to the record, raise in effect the identical issue.

The indictment on which the appellant was convicted charged her with the unlawful possession, and sale of alcoholic liquor without having first obtained a license to do so, on June 22, 1947. The trial Judge, over the objection of the appellant, admitted in evidence a quantity of alcoholic liquor alleged to have been found in the home of the appellant on a return trip by the officers of the law on June 24, 1947.

This evidence was clearly admissible. See *State v. Shumpert,* 195 S. C. 387, 395, 11 S. E. (2d) 523, 527, from which we quote: "In a prosecution for possessing whiskey, it is not error to admit evidence showing, or tending to show, that on other occasions, not too remote, both before and after the date of the offense charged in the accusation, the defendant possessed whiskey. Such evidence is relevant to show intent, motive, knowledge, design or plan, and as showing circumstances corroborative of the evidence relating to the transaction charged in the accusation upon which the defendant is being tried. 22 C. J. S., Criminal Law, § 691n. And see cases cited in note".

' All exceptions are overruled, and the judgment appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.