16761

STATE v. CENTER

(76 S. E. (2d) 669)

Messrs. *J. Wiley Brown* and *Julius B. Aiken,* of Green-ville, *for Appellant,*

*Mr. Hubert E. Nolin, Solicitor,* of Greenville, *for Respondent.*

July 8, 1953.

TAYLOR, Justice.

At the April, 1951, Term of the Greenville County Criminal Court, the appellant, Tiney Center, was convicted of having in her possession and storing eleven half-pints of illegal liquor.

The first question listed by appellant is whether or not the verdict of the jury was contrary to the law and evidence in that the circumstances connecting the defendant with the liquor in question were inconsistent with one another and did not exclude every other reasonable hypothesis.

The record does not disclose that a motion was made for a directed verdict but the point was raised for the first time after the verdict of the jury in appellant's motion for a new trial. However, the absence of such motion. has frequently been disregarded by this Court, in spite of Rule 76 of the Circuit Court, in criminal convictions. *State v. Thompkins,* 220 S. C. 523, 68 S. E. (2d) 465; *State v. Miller,* S. C., 74 S. E. (2d) 582; see also 7 West's South Carolina Digest, Criminal Law, § 1044,

p. 666 *et seq.* In our opinion, however, it is sufficient to say that there was evidence to require the case being submitted to the jury and this evidently coincides with the view of appellant's counsel at the time of trial. In view of the fact that a new trial is being ordered in this case, we are specifically refraining from discussing the evidence as much as possible.

The next question is whether or not the trial Court erred in admitting evidence of prior convictions. The record presented to this Court is most meager, in fact, it consists only of a portion of the cross-examination by the State of the appellant and a portion of the direct testimony of one of the officers.

The State takes the position that the testimony relative to the prior convictions (which was elicited upon cross-examinations) was not objected to. A portion of this testimony appears as follows:

"A. No. I don't have any premises except the place where I live.

"Q. What is your husband's name? A. Carl Thackston.

"Q. Is that against him? A. Are you trying him or me?

"Q. You occupy the premises? A. Yes, sir.

"Q. And he occupies the premises, doesn't he? He occupies the premises, doesn't he? And that is you and him, and he took it on himself?

"By Mr. Aiken: I object to his going back into those old cases.

"The Court: She is on cross-examination.

"By Mr. Aiken: But he goes back and says, it is against you and your husband.

"The Court: He can show that.

"By Mr. Aiken: He doesn't mention any date, or anything.

"The Court: You can cross-examine about that; that is not too far removed.

"By the Solicitor:

"Q. December, 1947; December, 1947, December, 1947; 1947; 1946; 1946, and 1948. Now, then, on numerous occasions cases have been made against you and your husband jointly? A. Yes, sir.

"Q. And he has taken it on himself? A. Yes."

We cannot agree with the State's contention that such testimony was not objected to as the foregoing discloses that Mr. Aiken, counsel for appellant, was objecting to this line of cross-examination and the remarks of the trial Judge in ruling thereon indicate that he so understood.

The offense of storing and keeping in possession such liquors involves the idea of continuity or habit. *State v. Burns,* 133 S. C. 238, 130 S. E. 641; *State v. Shumpert,* 195 S. C. 387, 11 S. E. (2d) 523; *State v. Fisher,* 206 S. C. 220, 33 S. E. (2d) 495; and testimony of former violations if not too remote is admissible against a defendant on trial for unlawful storing if the testimony tends to establish such continuity or habit which is a necessary element in the crime of unlawful storing, *State v. Browning,* 154 S. C. 97, 151 S. E. 233. In the case of *State v. Phillips,* 194 S. C. 46, 9 S. E. (2d) 32, 33, where Phillips was tried at the September Term, 1939, evidence introduced into the record to the effect that in March, 1938, and May, 1938, liquor had been found on appellant's premises was admissible because it was not too remote in time; but this Court stated: "If no evidence of liquor had been found in making the searches between May, 1938, and August, 1939, we would hold that the testimony of the finding of liquor in March and May, 1938, was too remote to permit of its admission."

In the instant case, tried at the April, 1951, Term, evidence was offered of prior offenses dated 1946, 1947 and 1948, which under the holding of this Court in the *Phillips case, supra,* was too remote if such cases were prior convictions of appellant. The record is not clear whether these cases are "defendant's prior convictions" as

referred to in appellant's second exception or that "seven of such indictments and convictions were those of her husband" as referred to in ground four of appellant's motion for a new trial. In any event we are of the opinion that the case should be remanded for a new trial as the prior convictions were too remote, as heretofore related; if they were prior convictions of appellant and, of course, evidence as to the husband's convictions would not be admissible in appellant's trial.

Reversed and remanded.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.