17254

THE STATE, Respondent, v. VIOLA THOMPSON, Appellant

(96 S. E. (2d) 471)

*J. Clator Arrants, Esq.,* of Camden, *for Appellant,*

*Messrs. T. P. Taylor, Solicitor,* and *John W. Foard, Jr., Assistant Solicitor,* of Columbia, *for Respondent.*

January 31, 1957.

E. H. Henderson, Acting Associate Justice.

The principal point in this case is whether certain evidence of a previous remote offense should have been admitted.

The defendant, Viola Thompson, was indicted under four counts for violation of the liquor laws: (1) Having in possession unstamped liquor; (2) unlawful storing and keeping; (3) selling without a license; and (4) having in possession for unlawful use. She was tried before Honorable G. Duncan Bellinger and a jury at the June, 1956, term of the court of General Sessions for Kershaw County, and was found guilty on all counts.

There was evidence to sustain the verdict on all of the charges. The State's witnesses testified that the defendant had possession of the whisky, and that she

sold some of it. Although denied by her, the conflicting evidence made questions of fact for the jury. The presiding judge properly refused to direct a verdict of not guilty.

The offenses were charged as having taken place on Mar. 18, 1956. The chief of police of Camden testified that a few months before, on Oct. 17, 1955, he went to the home of the defendant with a search warrant, and found some illegal corn whisky. The defendant's attorney objected to this testimony. The circuit judge admitted it as bearing upon the count of the indictment which charged storing and keeping. While the jury was temporarily excused from the court room the assistant solicitor announced that there was another offense which took place in 1953, and asked the court if such testimony could be admitted. The judge said that it could not, as it was too remote.

We think that these rulings were correct. On a charge of storing and keeping liquor evidence of prior violations may be received, if not too remote in time, to show continuity or habit. The evidence of an offense on Oct. 17, 1955, was not too remote. It was only about five months before the present occasion. We agree that to go back to August, 1953, would be too remote. *State v. Center,* 223 S. C. 484, 76 S. E. (2d) 669; *State v. Phillips,* 194 S. C. 46, 9 S. E. (2d) 32; *State v. Browning,* 154 S. C. 97, 151 S. E. 233.

The defendant, while being cross-examined, and pressed to account for the testimony of the officers, said that they had a spite against her, that they "picked on" her, and that on a majority of their visits to her home they found no liquor. Upon being questioned as to the number of times the officers came to her place the court again ruled that the solicitor could not go back beyond 1955, and then the following took place:

"Mr. Foard: Now, if your Honor pleases, here is my point: She now says, 'They have got a spite against me. They are always coming out there looking, and they found liquor less times than they didn't find any'."

"The Court: Wait a minute. I have ruled that you can't introduce evidence of that prior to 1955, but when she says that they have been picking on her for no reason at all, the solicitor can go into that, and find out why they were picking on her."

Thereupon, over the objection of the defendant, the State's attorney questioned her at length about an offense which occurred in August, 1953, involving four cases of unstamped liquor. Being too remote in time to be available under the count in the indictment which charged storing and keeping, was evidence of a distinct and remote crime admissible for any other purpose? The State contends that the testimony of the defendant that the officers were "picking on" her opened the door, so that the 1953 violation might be proved in order to show that the officers were not acting from wrongful motives in the instant case.

The general rule is that evidence that the accused has committed another crime independent of, and unconnected with, the one on trial is inadmissible. 22 C. J. S., Criminal Law, § 682, p. 1084. And especially is this true where the other offense is remote in time. To this rule there are certain exceptions. However, as stated at 22 C. J. S., Criminal Law, § 683, p. 1091, "the general rule should be strictly enforced, in all cases where applicable, because of the prejudicial effect and injustice of such evidence, and should not be departed from except under conditions which clearly justify such a departure; so, these exceptions should be carefully limited, and their number and scope not increased."

The recognized exceptions are set forth in the cases of *State v. Gregory,* 191 S. C. 212, 4 S. E. (2d) 1, and *State v. Lyle,* 125 S. C. 406, 118 S. E. 803, 807, as follows: "Evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or

more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial." · ·

The evidence in question in this case, remote in time, does not fall within any of these exceptions.

At 22 C. J. S., Criminal Law, § 683, p. 1094, it is said that "evidence which is otherwise competent or relevant to establish accused's guilt of the crime charged is not rendered inadmissible by the fact that it incidentally proves or tends to prove him guilty of another and distinct crime." However, in the present case, the evidence of the 1953 offense was not admitted to prove any of the crimes charged, but on the altogether collateral issue of whether the officers had a spite against the defendant. Its admission had the effect of depriving her of her right to be tried only for the crimes set forth in the indictment.

The rule that other and remote offenses may not be shown is an important right which our law gives to accused persons. This valuable right should not be taken away in order to give a relatively small benefit to the State on a side issue. The damage to the defendant's case by the reception of this usually inadmissible evidence far exceeded any gain to the State in bolstering up the testimony of its witnesses. We do not believe that the statements of the defendant were sufficient to alter the salutary rule and to let in the extremely harmful testimony of the offense in 1953.

The evidence was especially injurious to her on the count which charged her with the sale of liquor on Mar. 18, 1956. While being accused of one act of sale on a certain day the jury had before it evidence that nearly three years before she was in possession of four cases of contraband liquor. The jury might well have convicted her in view of that evidence alone.

We believe that the defendant should have a new trial, at which time the evidence of the offense in 1953 should be excluded.

In one of the exceptions the defendant contends that the circuit judge was in error in admitting certain evidence offered by the State relating to empty fruit jars at her home, and about a large box of broken glass in the back yard. We think that these objections are without merit, and this exception is overruled.

Accordingly, the judgment of the circuit court is reversed, and the case is remanded to that court for a new trial.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.